

| Nebraska State Court Form REQUIRED | **PETITION AND AFFIDAVIT TO OBTAIN HARASSMENT PROTECTION ORDER** | 002670438D01 |
|---|---|---|
| DC 19:2 Rev. 01/20 Neb. Rev. Stat. § 28-311.09 | | |

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

Sonia Russell
_____
Petitioner,

N/A
_____
Additional Petitioner/Minor Child(ren),

N/A
_____
Additional Petitioner/Minor Child(ren),

vs.

Heng Le
_____
Respondent.

Case No. CI 24-2650

### PETITION AND AFFIDAVIT TO OBTAIN HARASSMENT PROTECTION ORDER

ASSIGNED TO *Marteller*

1. I, Sonia Russell , am the petitioner in this case. I am petitioning for a harassment protection order pursuant to Neb. Rev. Stat. § 28-311.09.

I am filing this petition on behalf of:

- ☑ Myself. I have been harassed.
- ☐ Myself and additional petitioner(s) who have been harassed and whose name(s) is/are shown after mine in the caption of this petition. My relationship to the additional petitioner(s)/minor child(ren) is/are:☐ custodial parent, ☐ guardian, ☐ other:_____.
- ☐ Only on behalf of the additional petitioner(s) who have been harassed and whose name(s) is/are shown after mine in the caption of this petition. My relationship to the additional petitioner(s)/minor child(ren) is/are: ☐ custodial parent, ☐ guardian, ☐ other:_____

AND:

- ☑ I am 19 or older or legally emancipated   **OR**   ☐ I am a minor and_____years of age.
- ☐ I do not speak English. The language that I speak is:_____.

2. Check Only One:

- ☑ I have received address protection from the Secretary of State under the Address Confidentiality Program.(Service of any court process shall be made by mailing two copies of the process to the Office of Secretary of State, Address Confidentiality Program, Suite 2300, State Capitol Building, Lincoln, NE, 68509)

- ☐ I am living at a safe house or shelter for my own protection. Pursuant to Neb. Rev. Stat. §29-4303, I cannot identify the name, address, location or phone number of the facility.

- ☐ My address is:

_____
(Street or Route/Box)          (City)          (State)          (ZIP code)

Mailing address (if different):

_____
(Street or Route/Box)          (City)          (State)          (ZIP code)

GOVERNMENT EXHIBIT A

#27   FILED
District Court
DOUGLAS COUNTY, NEBRASKA
APR 0 8 2024
CLERK DISTRICT COURT

3.  ☐ I do not agree to receive notification by e-mail.

   ☑ I agree to receive notification by e-mail

   **e-mail address:** _____

   **NOTE: By providing this e-mail address, I acknowledge that I am aware that this information will be public record.** I also understand that I will only receive e-mail communications regarding this case from the court.

4.  I am filing this petition against the respondent whose age is: _53_ and who resides at:

   _7912 Reed St. Papillion_ _____ _NE_ _68046_
   (Street or Route/Box)                        (City)                        (State)        (ZIP code)

   Mailing address (if different)

   _____
   (Street or Route/Box)                        (City)                        (State)        (ZIP code)

   _402-312-0767_
   (Phone number)

   ☐ The respondent does not speak English. The language that the respondent speaks is: _broken english_

   My relationship to the respondent is: _subordinate @ place of employment._

5.  The respondent is a person who has willfully harassed me and has engaged in a knowing and willful course of conduct directed at me which seriously terrifies, threatens, or intimidates me and serves no legitimate purpose.

6.  To my knowledge, The respondent and I   ☐ have   or   ☑ have not been involved in past or current court cases together. (i.e., divorce, paternity, custody, juvenile, criminal or protection orders) If so: when, where, type of case, name of court(s), and case number(s).

   _____
   _____

7.  I hereby ask the court to enter a protection order (mark all that apply):
   ☑ prohibiting the respondent from imposing any restraint upon the person(s) seeking protection.
   ☑ prohibiting the respondent from harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the person(s) seeking protection.
   ☑ prohibiting the respondent from telephoning, contacting, or otherwise communicating with the person(s) seeking protection.

8.  Pursuant to Neb. Rev. Stat. § 25-2740, I request to have a   ☐ **District Court Judge,** or a   ☐ **County Court Judge** preside over this proceeding. (I understand this request may not be granted.).

9.  The dates or approximate dates and facts of the most recent series of acts <u>and</u> the most severe incident or incident(s) of harassment toward the person(s) seeking protection are (Please write a brief but detailed description.):

   A. Date/Time: _2/16/24 @_     Description: _See attached._

   _____
   _____
   _____
   _____
   _____

**Page 2 of 4**
Petition and Affidavit to Obtain
Harassment Protection Order
DC 19:2 Rev. 01/20

B. Date/Time:_____ Description:_____

_____

_____

_____

_____

_____

_____

C. Date/Time:_____ Description:_____

_____

_____

_____

_____

_____

_____

10.    I request the court treat this Petition and Affidavit for a Harassment Protection Order as a request for a sexual assault protection order or a domestic abuse protection order if it appears to the court, based on facts contained in this Petition and Affidavit and the evidence presented at a show cause hearing, that another type of protection order is more appropriate in this case, and the court makes such findings.

11.    Additional Petitioner(s) (if needed):

**Petitioner 2** (Minor Child):

Name: _____ Age: _____ Relationship to the Respondent: _____

Residence:
☐ The address of this Petitioner is the same as my address above.
☐ This Petitioner's address is: _____
        (Street or Route/Box)           (City)   (State)   (ZIP code)

**Petitioner 3** (Minor Child):

Name: _____ Age: _____ Relationship to the Respondent: _____

Residence:
☐ The address of this Petitioner is the same as my address above.
☐ This Petitioner's address is: _____
        (Street or Route/Box)            (City)   (State)   (ZIP code)

**Petitioner 4** (Minor Child):

Name: _N/A_

Age: _____

Relationship to the Respondent: _____

Residence:

☐ The address of this Petitioner is the same as my address above.

☐ This Petitioner's address is:

_N/A_

_(Street or Route/Box)_   _(City)_   _(State)_   _(Zip)_

---

**Petitioner 5** (Minor Child):

Name: _N/A_

Age: _____

Relationship to the Respondent: _____

Residence:

☐ The address of this Petitioner is the same as my address above.

☐ This Petitioner's address is:

_N/A_

_(Street or Route/Box)_   _(City)_   _(State)_   _(Zip)_

---

**Petitioner 6** (Minor Child):

Name: _N/A_

Age: _____

Relationship to the Respondent: _____

Residence:

☐ The address of this Petitioner is the same as my address above.

☐ This Petitioner's address is: _N/A_

_(Street or Route/Box)_   _(City)_   _(State)_   _(Zip)_

---

I hereby swear, or affirm, under penalty of perjury, the foregoing affidavit is true.

_[signature]_

Signature of Petitioner

_____

(Name, Firm name, and Bar Number **IF** being completed by an attorney)

_____

**(do NOT sign UNTIL THE CLERK OF THE DISTRICT COURT OR A NOTARY IS PRESENT AND WITNESSES YOU SIGNING)**

Subscribed and sworn before me on _April 8_, 20 _24_

_Neida Sandoval_

Clerk of the Court/Notary Public

My Commission Expires: _8/5/26_

(Seal)

Petition and Affidavit to Obtain
Harassment Protection Order
DC 19:2 Rev. 01/20

GENERAL NOTARY - State of Nebraska
NEIDA SANDOVAL
My Comm. Exp. August 5, 2026

April 8, 2024

## PROTECTION ORDER STATEMENT

I am filing this protection order for my safety. I am in fear of my safety at my place of employment. I am employed with the United States Postal Service at 1124 Pacific Street, Omaha, NE 68108. I have followed every procedure possible within my place of employment. I have filed grievances which have been denied by management. I have filed a publication 552 which calls for an investigation by the threat assessment team. Instead of management referring the information to the threat assessment team management declined to perform an investigation. The manager that collected statements. witnesses, etc. for the investigation is the brother-in-law (MDO Andy Pham) of the supervisor (Hung Le) which assaulted me. He also deemed there was no need for an investigation. I have filed an EEO, procedures are on going. I requested in my publication 552 not to be supervised by Hung Lee, whom is the assailant. And not to be supervised by Judith Harwood who set by and watched the assault, did not try to protect me, nor did she try to de-escalate the assault.

I called the police and EMTs. The assailant was not arrested at the time of the assault on February 16, 2024. I am also working with Sergeant Shade in the assault division to press charges and be arrested. I occurred injuries and still under doctors care. I have medical records and photos of my injuries.

I have enclosed a copy of my statement given for the investigation.

I am continually harassed and retaliated against for filing grievance's, Publication 552's and EEO's against the United States Postal Service and members of management.

Sincerely,

Sonia Russell

On Friday, February 16, 2024 at 11:00 PM, SDO Judith Harwood came to my operation 322 air asked me to come to the office to sign my light duty paperwork. I explained I am not light duty, I am limited duty. SDO Judith Harwood said well whatever. Aayanna Boothe was my witness. I went into the SDO office SDO Judith Harwood handed me the 2499 modified job assignment. I was reading it over, I informed SDO Judith the paper was incorrect, not within my restrictions and some of the operations listed did not fall within my restrictions. I question, where and how did she come up with the information. I declined to sign the 2499 modified job assignment. I requested a copy so I can get with Phil Thomas, the president of Apwu to get it corrected. Because Phil Thompson, the president of Apwu is the one who handled the paperwork leading up to the 2499 modified job assignment.

SDO Hung Le spoke up saying you have to sign it. I said no I do not. I explained what I am not going to do is deal with both of you without representation. I requested a union Stewart Hung Le said no. I said so you're denying me a union Steward? I requested a copy again Hung Le said, no, I explained it has my name on it, I have a right to have a copy. I took the paper, attempted to walk out of the office. SDO Hung Le, Jumped up out of his chair, lunged at me, threw his body on my whole left side, crushing my left wrist which is diagnosed with carpal tunnel syndrome, surgery is scheduled on February 26 of 2024. SDO Hung Le nearly pushed me over. I requested a union Stewart again, SDO Hung Le said no.

SDO Judith Harwood was just sitting as the assault unfolds, not attempting to protect me, or de-escalate the situation. I questioned Hung Le, what is he doing? Are you trying to block me from walking out of the office? You can't do that. SDO Hung Le insisted. Yes I can, you cannot take that paper it's for DOL. I reiterated I have a right to have a copy. I said that's fine, (so I pulled out my phone and took a picture of page one of the 2499 modified job assignment as I was attempting to take a picture of the second page, SDO Hung Le lunged at me again, throwing his body on me, crushed my wrist, almost knocking me down to the ground/floor. I questioned, what are you doing? Get off of me. SDO Hung Le stood, and/or step back blocking the door to the office again so I could not get out of the office.

I explained you cannot stop me from leaving, I have a right to a copy, you just assaulted me. I'm calling the police.

Now SDO Judith Harwood speaks up, he didn't assault you, he was just trying to get the paper out of your hand, and you took the paper out of my hand. (I do not recall at the time, but it could be a possibility. I took the paper out of her hand with all the commotion that's the only thing I am not clear on because I did not recall giving SDO Judith Harwood the paperback). I said I did not.

I threw the paper on the desk, closest to the door. SDO Hung Le moved out the way I walked out of the office still on the phone with Omaha Police Department and fire. I went to my operation and grab my belongings. I walked down to the west dock, and spoke with union Steward, Jim Wayman. Who confirmed that I was correct, I have a right to have a copy of the 2499 modified job assignment. I was also told no Steward was available by SDO Hung Le. SDO Hung Le nor SDO Judith Harwood attempted to call, contact or verify if a union steward was here and available.

I requested through the union not to be supervised by SDO Hung Le and SDO Judith Harwood.

During this whole ordeal, I felt threatened, I feared for my life, I did not know if I would make it out of the office safely. I was in shock. I was in so much shock that at the time I did not feel any pain except for chest and wrist pains. I was having a panic attack. I thought my heart was going to jump out of my chest.

Monday, February 19, 2024 I met with the union and filed my grievance. I did not feel comfortable returning to work. I begin feeling pain on the entire left side of my body. I felt more pain and burning in my knee area, hip area and the shoulder area. Therefore, I went to the emergency room at Nebraska Medicine Monday evening instead of going into work. X-rays were taken, I was given Motrin and Tylenol. I was told nothing was broken but bruised and continued to take Motrin and Tylenol. I questioned if it was okay for me to take Motrin and Tylenol due to my surgery on February 26, 2024 for carpal tunnel. I was advised by the nurse some of the meds that I take I have to stop approximately seven days prior to the surgery.

Still not sleeping well Tuesday morning I woke up with had neck pain and back pain. My body still inflamed it was burning. My back was inflamed in the upper middle and lower left side. I noticed my left ankle was swollen. When I took a shower, I noticed bruising near my upper left rib cage and under my breast area. Wednesday morning, February 21, 2024. I woke up with additional to prior pain, a headache, both ankles were swollen. My body was aching even more.

Sonia Russell

4/8/24

Nebraska State Court Form
DC 19:1  Rev. 09/2020
Neb.Rev.Stat. §§ 42-924, 28-311.09, and 28-311.11



002670439D01

### IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

*Sonia Russell*,
_____,
                              Petitioner,

*N/A*
_____,
Additional Petitioner/Minor Child(ren),

*N/A*
_____,
Additional Petitioner/Minor Child(ren),

vs.

*Hung Le*
_____,
                              Respondent.

Case No. CI **24-2650**

**PROTECTION ORDER
PRAECIPE**

### TO THE CLERK OF COURT:

Please have the Sheriff of _*Sarpy*_____ County serve a
copy of the protection order and/or order to show cause, petition, and request for
hearing (if applicable) upon the respondent by personal service at any one of the
following addresses:

Home: *7912 Reed St., Papillion NE 68046*
Work: *1124 Pacific St., Omaha, NE 68108*

Other locations where respondent can be found:

_____

Directions for service:

_____

_____

Signature: *[signature]*_____ Date: *4/8/24*
Printed Name: _____
Street Address/P.O. Box:_____
City/State/ZIP Code:_____
Telephone Number:_____
Email address: _____

If completed by an attorney:
Bar Number: _____

**(If you are concealing your address or phone, do not provide them. Make
separate arrangements with the clerk.)**

#27        FILED
         District Court
DOUGLAS COUNTY, NEBRASKA
         APR 0 8 2024
     CLERK DISTRICT COURT

**Fill in any of the following information if known.**

**Description of Respondent:**

Alias: _Hương K Le_

Sex: _Male_     Age: _53_     Height: _5 8_     Weight: _approx. 250_

Eye Color: _blk/brown_   Hair Color: _blk/brown_   Race: _Vietnamese_

Skin Tone: _____

Place of Birth: _July 1970_

Scars, Marks, and Tattoos: _unsure_

Other Distinguishing Features: _____

Employer: _United States Postal Service_

Work Days and Hours: _3:00 PM - 11:30 PM._

**Description of Respondent's Vehicle:**

Drivers Lic. No.: _____ Issuing State: _____

Expiration: _____ Year: _____

Vehicle Lic. No.: _____ Vehicle Year: _____

Issuing State: _____ Type: _____

Make: _____ Model: _____ Color(s): _____

VIN: _____

**Does the Respondent:**

Carry a weapon or keep a weapon nearby? _unsure_

Where and what kind? _unsure_

Have a history of mental illness? _unsure_

Use or abuse alcohol or drugs? _unsure_ What kind? _unsure_

Have a history of violence toward others? _unsure_

Make threats against law enforcement? _unsure_

Other Comments:

_____

_____

_____

_____

| Image ID<br>D00910264D01<br><br>Form 19-7 | **ORDER TO SHOW CAUSE<br>HARASSMENT** | Case Number<br>CI-24-2650<br><br>Document Number<br>910264 |
|---|---|---|

IN THE DISTRICT COURT OF   Douglas   COUNTY, NEBRASKA

Sonia Russell
_____
                 Petitioner

VS.

Hung Le
_____
                 Respondent

**ORDER TO SHOW CAUSE
HARASSMENT**

THE PETITIONER(S) has/have filed a petition and affidavit for a harassment protection order requesting that the following relief be granted:

 X   1. prohibiting the respondent from imposing any restraint upon the person or liberty of the
        protected party(ies).

 X   2. prohibiting the respondent from harassing, threatening, assaulting, molesting, attacking,
        or otherwise disturbing the peace of the protected party(ies).

 X   3. prohibiting the respondent from telephoning, contacting, or otherwise communicating
        with the protected party(ies).

IT IS HEREBY ORDERED that the respondent may appear and show cause, if any there be, why a Harassment Protection Order should not be issued as requested by the petitioner(s).

A court, on its own motion or at the request of the petitioner, may treat a petition for a harassment protection order as a petition for a sexual assault protection order or a domestic abuse protection order if it appears from the facts that such other protection order is more appropriate.

IT IS FURTHER ORDERED that a copy of this Order and a copy of the Petition be served on the respondent and a copy of this Order be mailed to the petitioner(s).

### NOTICE OF HEARING

A HEARING on the matter has been set for   April 17, 2024
at  09:30 A.M.  at  Courtroom 409 - 4th Floor                              . You may appear before the court at this time, if you wish, to show cause why a Protection Order should not be entered.

NOTICE TO PETITIONER(S): You must appear at the place, date and time shown to show cause why a Protection Order should be entered. Failure to appear may result in the Protection Order not being issued.

DATED AND ENTERED on   April 8, 2024                    _James M Masteller_

                                                      JUDGE - James M Masteller

### NOTICE TO RESPONDENT

PURSUANT to 18 U.S.C.2265, this order is enforced in all fifty states, the District of Columbia, tribal lands and U.S. territories. Moreover, pursuant to 18 U.S.C.992 if a final order is entered against you after a hearing of which you had actual knowledge and an opportunity to participate, whether or not you actually participate, and this court order restrains you from harassing, stalking, or threatening an intimate partner or child of such intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, you may be subject to a federal penalty for possessing, transporting, or accepting a firearm or ammunition.

State of Nebraska
County of Douglas

I hereby certify that the above and foregoing is a true
and correct copy as the same appears fully upon the
records and files of the Court now in my charge                 Filed on  4/08/2024 at 10:51 A.M.

Clerk of the District Court of Douglas County, NE

By: _____ Deputy

Date _____ 4/8/24

CASE FILE COPY

**FILED BY**
Clerk of the Douglas District Court

| Nebraska State Court Form<br>A copy is on the reverse side of<br>DC 19:4, 19:5, 19:6 and 19:7<br>DC 19:3 Rev. 01/20<br>Neb. Rev. Stat. § 28-311.09 | **PROTECTION ORDER<br>INFORMATION -<br>HARASSMENT** | |

A harassment protection order is a court order issued to a victim who has been harassed, pursuant to Neb. Rev. Stat. § 28-311.09 et seq.

In order to qualify for a harassment protection order:

- the petition shall state the events and dates of acts constituting the alleged harassment. This must include the most recent and most severe incident(s).
- the petitioner must show that the respondent has engaged in a knowing and willful course of conduct directed at the petitioner which seriously terrifies, threatens, or intimidates the petitioner and which serves no legitimate purpose.
  - A course of conduct is defined as a pattern of acts composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including a series of acts of following, detaining, restraining the personal liberty of, or stalking, telephoning, contacting, or otherwise communicating with the petitioner.

A protection order may prohibit the respondent from:

- imposing any restraint upon the petitioner or family or household member, or liberty of the petitioner,
- harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner,
- telephoning, contacting, or otherwise communicating with the petitioner.

**Once the protection order petition is granted, it may not be withdrawn except upon order of the court.**
The protection order shall be effective for one year unless otherwise modified by the court.

A court, on its own motion or at the request of the petitioner, may treat a petition for a harassment protection order as a request for a sexual assault protection order or domestic abuse protection order, if it appears from the facts in the petition, affidavit and evidence presented at a show-cause hearing that such other protection order is more appropriate.

## NOTICE TO PETITIONER

Fees to cover costs associated with the filing, issuance, or service of a protection order shall not be charged, except that a court may assess such fees and costs if the court finds that the statements contained in the application were false and that the protection order was sought in bad faith.

## NOTICE TO RESPONDENT

If there has been an **Ex Parte** Protection Order served upon you and you wish to request a hearing to show cause why the order should not remain in effect, you must request a hearing on the provided "Request for Hearing" form by completing the form and returning it to the clerk of the district court at the address listed at the bottom of the form. You must return the form within ten (10) business days after you have been served. The court will schedule a hearing within thirty (30) days after reviewing our request and shall notify you and the petitioner of the hearing date.

If there is a hearing scheduled and you wish to defend against the claims set forth in the application for a protection order, you must appear at the hearing. You are warned that if you fail to appear, the case will proceed without you and a final order may be entered against you for the relief requested in the petition.

You are required to obey the terms of the protection order as soon as it is served upon you. If you disobey the terms of the protection order, you will be subject to the following **Nebraska Revised Statutes.**

**Violation of a Protection Order:** Any person convicted of violating the terms of a harassment protection order after being served shall be subject to either Neb. Rev. Stat. § 28-311.04 or § 28-311.09(4).

If a protection order has been issued against you, the following **United States Federal Statutes** apply to the issuance of a valid protection order.

**Full Faith and Credit Provision:** Pursuant to 18 U.S.C. § 2265, this order is enforceable in all fifty (50) states, the District of Columbia, tribal lands and U.S. territories. The penalties for violation of this order are determined by the existing penalty of the location in which the violation occurred. Nebraska's Harassment Full Faith and Credit provisions are found in Neb. Rev. Stat. § 28-311.10.

**Interstate Domestic Violence/Violation of a Protection Order:**

- If you travel across state or tribal borders with the intent to injure the petitioner and then intentionally commit a crime of violence causing bodily injury to the petitioner, you may be convicted of committing a federal offense under 18 U.S.C. § 2261(a)(1). You may also be convicted of committing a federal offense if you cause the petitioner to cross state or tribal borders for this purpose. 18 U.S.C. § 2262(a)(2).
- If you travel across state or tribal borders with the intent to violate the final protection order and subsequently violate such order, you may be convicted of committing a federal offense under 18 U.S.C. § 2261(a)(1).
- You may also be convicted of committing a federal offense if you cause the plaintiff to cross state or tribal borders for this purpose. 18 U.S.C. § 2262(a)(2).

| Nebraska State Court Form REQUIRED | PETITION AND AFFIDAVIT TO OBTAIN HARASSMENT PROTECTION ORDER |  |
|---|---|---|
| DC 19:2  Rev. 01/20 Neb. Rev. Stat. § 28-311.09 | | 002670438D01 |

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

Sonia Russell
_____ Petitioner,

N/A
_____ Additional Petitioner/Minor Child(ren),

N/A
_____ Additional Petitioner/Minor Child(ren),

vs.

Heng Le
_____ Respondent.

Case No. CI 24-2650

### PETITION AND AFFIDAVIT TO OBTAIN HARASSMENT PROTECTION ORDER

ASSIGNED TO Marteller

1. I, Sonia Russell , am the petitioner in this case. I am petitioning for a harassment protection order pursuant to Neb. Rev. Stat. § 28-311.09.

I am filing this petition on behalf of:

☑ Myself. I have been harassed.

☐ Myself and additional petitioner(s) who have been harassed and whose name(s) is/are shown after mine in the caption of this petition. My relationship to the additional petitioner(s)/minor child(ren) is/are:☐ custodial parent, ☐ guardian, ☐ other:_____.

☐ Only on behalf of the additional petitioner(s) who have been harassed and whose name(s) is/are shown after mine in the caption of this petition. My relationship to the additional petitioner(s)/minor child(ren) is/are: ☐ custodial parent, ☐ guardian, ☐ other:_____.

AND:

☑ I am 19 or older or legally emancipated   OR   ☐ I am a minor and_____years of age.

☐ I do not speak English. The language that I speak is:_____.

2. Check Only One:

☑ I have received address protection from the Secretary of State under the Address Confidentiality Program.(Service of any court process shall be made by mailing two copies of the process to the Office of Secretary of State, Address Confidentiality Program, Suite 2300, State Capitol Building, Lincoln, NE, 68509)

☐ I am living at a safe house or shelter for my own protection. Pursuant to Neb. Rev. Stat. §29-4303, I cannot identify the name, address, location or phone number of the facility.

☐ My address is:

_____
(Street or Route/Box)        (City)        (State)        (ZIP code)

Mailing address (if different):

_____
(Street or Route/Box)        (City)        (State)        (ZIP code)

**Page 1 of 4**
Petition and Affidavit to Obtain
Harassment Protection Order
DC 19:2 Rev. 01/20

#27  FILED
District Court
DOUGLAS COUNTY, NEBRASKA

APR 0 8 2024

CLERK DISTRICT COURT

3. ☐ I do not agree to receive notification by e-mail.

   ☑ I agree to receive notification by e-mail

   e-mail address: _____

   **NOTE: By providing this e-mail address, I acknowledge that I am aware that this information will be public record.** I also understand that I will only receive e-mail communications regarding this case from the court.

4. I am filing this petition against the respondent whose age is: **53** and who resides at:

   _7912 Road St. Papillion_ ___ _NE_ ___ _68046_
   (Street or Route/Box)            (City)            (State)            (ZIP code)

   Mailing address (if different)

   _____
   (Street or Route/Box)            (City)            (State)            (ZIP code)

   _402 312-0767_
   (Phone number)

   ☐ The respondent does not speak English. The language that the respondent speaks is: _broken english_

   My relationship to the respondent is: _subordinate @ place of employment._

5. The respondent is a person who has willfully harassed me and has engaged in a knowing and willful course of conduct directed at me which seriously terrifies, threatens, or intimidates me and serves no legitimate purpose.

6. To my knowledge, The respondent and I   ☐ have  or  ☑ have not been involved in past or current court cases together. (i.e., divorce, paternity, custody, juvenile, criminal or protection orders) If so: when, where, type of case, name of court(s), and case number(s).

   _____
   _____

7. I hereby ask the court to enter a protection order (mark all that apply):

   ☑ prohibiting the respondent from imposing any restraint upon the person(s) seeking protection.

   ☑ prohibiting the respondent from harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the person(s) seeking protection.

   ☑ prohibiting the respondent from telephoning, contacting, or otherwise communicating with the person(s) seeking protection.

8. Pursuant to Neb. Rev. Stat. § 25-2740, I request to have a  ☐ **District Court Judge,** or a  ☐ **County Court Judge** preside over this proceeding. (I understand this request may not be granted.).

9. The dates or approximate dates and facts of the most recent series of acts **and** the most severe incident or incident(s) of harassment toward the person(s) seeking protection are (Please write a brief but detailed description.):

   A. Date/Time: _2/16/24 @_ ___ Description: _See attached._

   _____
   _____
   _____
   _____

B. Date/Time:_____ Description:_____

_____

_____

_____

_____

_____

_____

C. Date/Time:_____ Description:_____

_____

_____

_____

_____

_____

10.   I request the court treat this Petition and Affidavit for a Harassment Protection Order as a request for a sexual assault protection order or a domestic abuse protection order if it appears to the court, based on facts contained in this Petition and Affidavit and the evidence presented at a show cause hearing, that another type of protection order is more appropriate in this case, and the court makes such findings.

11.   Additional Petitioner(s) (if needed):

**Petitioner 2** (Minor Child):

Name:                                      Age:          Relationship to the Respondent:

_____N/D_____      _____    _____N/D_____

Residence:
☐   The address of this Petitioner is the same as my address above.
☐   This Petitioner's address is: N/D
_____
(Street or Route/Box)                              (City)          (State)          (ZIP code)

**Petitioner 3** (Minor Child):

Name:                                      Age:          Relationship to the Respondent:

_____N/A_____      _____    _____N/D_____

Residence:
☐   The address of this Petitioner is the same as my address above.
☐   This Petitioner's address is: N/D
_____
(Street or Route/Box)                              (City)          (State)          (ZIP code)

**Page 3 of 4**
Petition and Affidavit to Obtain
Harassment Protection Order
DC 19:2 Rev. 01/20

**Petitioner 4** (Minor Child):

Name: N/A

Age: _____   Relationship to the Respondent: _____

Residence:
☐ The address of this Petitioner is the same as my address above.
☐ This Petitioner's address is: N/A
   (Street or Route/Box)   (City)   (State)   (Zip)

**Petitioner 5** (Minor Child):

Name: N/A

Age: _____   Relationship to the Respondent: _____

Residence:
☐ The address of this Petitioner is the same as my address above.
☐ This Petitioner's address is: N/A
   (Street or Route/Box)   (City)   (State)   (Zip)

**Petitioner 6** (Minor Child):

Name: N/A

Age: _____   Relationship to the Respondent: _____

Residence:
☐ The address of this Petitioner is the same as my address above.
☐ This Petitioner's address is: N/A
   (Street or Route/Box)   (City)   (State)   (Zip)

I hereby swear, or affirm, under penalty of perjury, the foregoing affidavit is true.

_____
Signature of Petitioner

_____
(Name, Firm name, and Bar Number IF being completed by an attorney)

**(do NOT sign UNTIL THE CLERK OF THE DISTRICT COURT OR A NOTARY IS PRESENT AND WITNESSES YOU SIGNING)**

Subscribed and sworn before me on   April 8  , 20 24

_____
Clerk of the Court/Notary Public

My Commission Expires: _____ 8/1/26                     (Seal)

Page 4 of 4
Petition and Affidavit to Obtain
Harassment Protection Order
DC 19:2 Rev. 01/20

GENERAL NOTARY - State of Nebraska
NEIDA SANDOVAL
My Comm. Exp. August 5, 2026

April 8, 2024

## PROTECTION ORDER STATEMENT

I am filing this protection order for my safety. I am in fear of my safety at my place of employment. I am employed with the United States Postal Service at 1124 Pacific Street, Omaha, NE 68108. I have followed every procedure possible within my place of employment. I have filed grievances which have been denied by management. I have filed a publication 552 which calls for an investigation by the threat assessment team. Instead of management referring the information to the threat assessment team management declined to perform an investigation. The manager that collected statements, witnesses, etc. for the investigation is the brother-in-law (MDO Andy Pham) of the supervisor (Hung Le) which assaulted me. He also deemed there was no need for an investigation. I have filed an EEO, procedures are on going. I requested in my publication 552 not to be supervised by Hung Lee, whom is the assailant. And not to be supervised by Judith Harwood who set by and watched the assault, did not try to protect me, nor did she try to de-escalate the assault.

I called the police and EMTs. The assailant was not arrested at the time of the assault on February 16, 2024. I am also working with Sergeant Shade in the assault division to press charges and be arrested. I occurred injuries and still under doctors care. I have medical records and photos of my injuries.

I have enclosed a copy of my statement given for the investigation.

I am continually harassed and retaliated against for filing grievance's, Publication 552's and EEO's against the United States Postal Service and members of management.

Sincerely,

Sonia Russell

On Friday, February 16, 2024 at 11:00 PM, SDO Judith Harwood came to my operation 322 air asked me to come to the office to sign my light duty paperwork. I explained I am not light duty, I am limited duty. SDO Judith Harwood said well whatever. Aayanna Boothe was my witness. I went into the SDO office SDO Judith Harwood handed me the 2499 modified job assignment. I was reading it over, I informed SDO Judith the paper was incorrect, not within my restrictions and some of the operations listed did not fall within my restrictions. I question, where and how did she come up with the information. I declined to sign the 2499 modified job assignment. I requested a copy so I can get with Phil Thomas, the president of Apwu to get it corrected. Because Phil Thompson, the president of Apwu is the one who handled the paperwork leading up to the 2499 modified job assignment.

SDO Hung Le spoke up saying you have to sign it. I said no I do not. I explained what I am not going to do is deal with both of you without representation. I requested a union Stewart Hung Le said no. I said so you're denying me a union Steward? I requested a copy again Hung Le said, no, I explained it has my name on it, I have a right to have a copy. I took the paper, attempted to walk out of the office. SDO Hung Le, Jumped up out of his chair, lunged at me, threw his body on my whole left side, crushing my left wrist which is diagnosed with carpal tunnel syndrome, surgery is scheduled on February 26 of 2024. SDO Hung Le nearly pushed me over. I requested a union Stewart again, SDO Hung Le said no.

SDO Judith Harwood was just sitting as the assault unfolds, not attempting to protect me, or de-escalate the situation. I questioned Hung Le, what is he doing? Are you trying to block me from walking out of the office? You can't do that. SDO Hung Le insisted. Yes I can, you cannot take that paper it's for DOL. I reiterated I have a right to have a copy. I said that's fine, (so I pulled out my phone and took a picture of page one of the 2499 modified job assignment as I was attempting to take a picture of the second page, SDO Hung Le lunged at me again, throwing his body on me, crushed my wrist, almost knocking me down to the ground/floor. I questioned, what are you doing? Get off of me. SDO Hung Le stood, and/or step back blocking the door to the office again so I could not get out of the office.

I explained you cannot stop me from leaving, I have a right to a copy, you just assaulted me. I'm calling the police.

Now SDO Judith Harwood speaks up, he didn't assault you, he was just trying to get the paper out of your hand, and you took the paper out of my hand. (I do not recall at the time, but it could be a possibility. I took the paper out of her hand with all the commotion that's the only thing I am not clear on because I did not recall giving SDO Judith Harwood the paperback). I said I did not.

I threw the paper on the desk, closest to the door. SDO Hung Le moved out the way I walked out of the office still on the phone with Omaha Police Department and fire. I went to my operation and grab my belongings. I walked down to the west dock, and spoke with union Steward, Jim Wayman. Who confirmed that I was correct, I have a right to have a copy of the 2499 modified job assignment. I was also told no Steward was available by SDO Hung Le. SDO Hung Le nor SDO Judith Harwood attempted to call, contact or verify if a union steward was here and available.

I requested through the union not to be supervised by SDO Hung Le and SDO Judith Harwood.

During this whole ordeal, I felt threatened, I feared for my life, I did not know if I would make it out of the office safely. I was in shock. I was in so much shock that at the time I did not feel any pain except for chest and wrist pains. I was having a panic attack. I thought my heart was going to jump out of my chest.

Monday, February 19, 2024 I met with the union and filed my grievance. I did not feel comfortable returning to work. I begin feeling pain on the entire left side of my body. I felt more pain and burning in my knee area, hip area and the shoulder area. Therefore, I went to the emergency room at Nebraska Medicine Monday evening instead of going into work. X-rays were taken, I was given Motrin and Tylenol. I was told nothing was broken but bruised and continued to take Motrin and Tylenol. I questioned if it was okay for me to take Motrin and Tylenol due to my surgery on February 26, 2024 for carpal tunnel. I was advised by the nurse some of the meds that I take I have to stop approximately seven days prior to the surgery.

Still not sleeping well Tuesday morning I woke up with had neck pain and back pain. My body still inflamed it was burning. My back was inflamed in the upper middle and lower left side. I noticed my left ankle was swollen. When I took a shower, I noticed bruising near my upper left rib cage and under my breast area.  Wednesday morning, February 21, 2024. I woke up with additional to prior pain, a headache, both ankles were swollen. My body was aching even more.

Sonia Russell

4/8/24



002668401D01

DOC: **CI24**          PAGE:   **2650**

**RUSSELL,SONIA**
v
**LE,HUNG**

Serve:     LE, HUNG                                           Doc Number:   **NA**

Date Received:   4/8/2024      at   14:16 o'clock PM

## R E T U R N   O F   S E R V I C E

I hereby certify that I have received this/these document(s):

ORDER TO SHOW CAUSE HARASSMENT,PETITION

PERSONAL SERVICE: By delivering a copy of said document(s) to each of the following
defendant(s) or person name on the dates indicated:

LE,HUNG                                    4/9/2024      at   09:40 o'clock AM

at   7912 REED ST

Remarks:

Service and Return:   $0.00          1037:    $0.00      859:   $0.00      County:   $0.00
Total Fee:           $2.83          530:     $2.83      1061:  $0.00      Other:    $0.00

JEFF DAVIS, SHERIFF OF SARPY COUNTY, NEBRASKA

by:                                                  Dated:   4/10/2024
                                                     Served by Badge #: 530

2024003068/alibby

#25  FILED
         District Court
DOUGLAS COUNTY, NEBRASKA

APR 1 0 2024

CLERK DISTRICT COURT

| Image ID<br>D00910264D01<br><br>Form 19-7 | ORDER TO SHOW CAUSE<br>HARASSMENT | Case Number<br>CI-24-2650<br><br>Document Number<br>910264 |
|---|---|---|

IN THE DISTRICT COURT OF __Douglas__ COUNTY, NEBRASKA

Sonia Russell
_____
                    Petitioner

VS.

Hung Le
_____
                    Respondent

# ORDER TO SHOW CAUSE
# HARASSMENT

**THE PETITIONER(S)** has/have filed a petition and affidavit for a harassment protection order requesting that the following relief be granted:

X  1. prohibiting the respondent from imposing any restraint upon the person or liberty of the protected party(ies).

X  2. prohibiting the respondent from harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the protected party(ies).

X  3. prohibiting the respondent from telephoning, contacting, or otherwise communicating with the protected party(ies).

**IT IS HEREBY ORDERED** that the respondent may appear and show cause, if any there be, why a Harassment Protection Order should not be issued as requested by the petitioner(s).

A court, on its own motion or at the request of the petitioner, may treat a petition for a harassment protection order as a petition for a sexual assault protection order or a domestic abuse protection order if it appears from the facts that such other protection order is more appropriate.

**IT IS FURTHER ORDERED** that a copy of this Order and a copy of the Petition be served on the respondent and a copy of this Order be mailed to the petitioner(s).

## NOTICE OF HEARING

**A HEARING** on the matter has been set for __April 17, 2024_____
at __09:30 A.M.__ at __Courtroom 409 - 4th Floor_____. You may appear before the court at this time, if you wish, to show cause why a Protection Order should not be entered.

**NOTICE TO PETITIONER(S):** You must appear at the place, date and time shown to show cause why a Protection Order should be entered. Failure to appear may result in the Protection Order not being issued.

DATED AND ENTERED on __April  8, 2024_____

_James M Masteller_
JUDGE - James M Masteller

## NOTICE TO RESPONDENT

PURSUANT to 18 U.S.C.2265, this order is enforced in all fifty states, the District of Columbia, tribal lands and U.S. territories. Moreover, pursuant to 18 U.S.C.992 if a final order is entered against you after a hearing of which you had actual knowledge and an opportunity to participate, whether or not you actually participated, and if this court order restrains you from harassing, stalking, or threatening an intimate partner or child of such intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child, you may be subject to a federal penalty for possessing, transporting, or accepting a firearm or ammunition.

Printed on  4/08/2024 at 10:51 A.M.

---

CASE FILE COPY

**FILED BY**

Clerk of the Douglas District Court
04/08/2024

| Nebraska State Court Form<br>A copy is on the reverse side of<br>DC 19:4, 19:5, 19:6 and 19:7<br>DC 19:3 Rev. 01/20<br>Neb. Rev. Stat. § 28-311.09 | **PROTECTION ORDER**<br>**INFORMATION -**<br>**HARASSMENT** | |
| --- | --- | --- |

A harassment protection order is a court order issued to a victim who has been harassed, pursuant to Neb. Rev. Stat. § 28-311.09 et seq.

In order to qualify for a harassment protection order:

- the petition shall state the events and dates of acts constituting the alleged harassment. This must include the most recent and most severe incident(s).
- the petitioner must show that the respondent has engaged in a knowing and willful course of conduct directed at the petitioner which seriously terrifies, threatens, or intimidates the petitioner and which serves no legitimate purpose.
  - A course of conduct is defined as a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including a series of acts of following, detaining, restraining the personal liberty of, or stalking, telephoning, contacting, or otherwise communicating with the petitioner.

A protection order may prohibit the respondent from:

- imposing any restraint upon the petitioner or family or household member, or liberty of the petitioner,
- harassing, threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the petitioner,
- telephoning, contacting, or otherwise communicating with the petitioner.

**Once the protection order petition is granted, it may not be withdrawn except upon order of the court.**
The protection order shall be effective for one year unless otherwise modified by the court.

A court, on its own motion or at the request of the petitioner, may treat a petition for a harassment protection order as a request for a sexual assault protection order or domestic abuse protection order, if it appears from the facts in the petition, affidavit and evidence presented at a show-cause hearing that such other protection order is more appropriate.

## NOTICE TO PETITIONER

Fees to cover costs associated with the filing, issuance, or service of a protection order shall not be charged, except that a court may assess such fees and costs if the court finds that the statements contained in the application were false and that the protection order was sought in bad faith.

## NOTICE TO RESPONDENT

If there has been an **Ex Parte** Protection Order served upon you and you wish to request a hearing to show cause why the order should not remain in effect, you must request a hearing on the provided "Request for Hearing" form by completing the form and returning it to the clerk of the district court at the address listed at the bottom of the form. You must return the form within ten (10) business days after you have been served. The court will schedule a hearing within thirty (30) days after reviewing our request and shall notify you and the petitioner of the hearing date.

If there is a hearing scheduled and you wish to defend against the claims set forth in the application for a protection order, you must appear at the hearing. You are warned that if you fail to appear, the case will proceed without you and a final order may be entered against you for the relief requested in the petition.

You are required to obey the terms of the protection order as soon as it is served upon you. If you disobey the terms of the protection order, you will be subject to the following **Nebraska Revised Statutes.**

**Violation of a Protection Order:** Any person convicted of violating the terms of a harassment protection order after being served shall be subject to either Neb. Rev. Stat. § 28-311.04 or § 28-311.09(4).

If a protection order has been issued against you, the following **United States Federal Statutes** apply to the issuance of a valid protection order.

**Full Faith and Credit Provision:** Pursuant to 18 U.S.C. § 2265, this order is enforceable in all fifty (50) states, the District of Columbia, tribal lands and U.S. territories. The penalties for violation of this order are determined by the existing penalties of the location in which the violation occurred. Nebraska's Harassment Full Faith and Credit provisions are found in Neb. Rev. Stat. § 28-311.10.

**Interstate Domestic Violence/Violation of a Protection Order:**

- If you travel across state or tribal borders with the intent to injure the petitioner and then intentionally commit a crime of violence causing bodily injury to the petitioner, you may be convicted of committing a federal offense under 18 U.S.C. § 2261(a)(1). You may also be convicted of committing a federal offense if you cause the petitioner to cross state or tribal borders for this purpose. 18 U.S.C. § 2262(a)(2).
- If you travel across state or tribal borders with the intent to violate the final protection order and subsequently violate such order, you may be convicted of committing a federal offense under 18 U.S.C. § 2261(a)(1).
- You may also be convicted of committing a federal offense if you cause the plaintiff to cross state or tribal borders for this purpose. 18 U.S.C. § 2262(a)(2).