IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SONIA RUSSELL,<br><br>       Petitioner,<br><br> vs.<br><br>HUNG LE,<br><br>       Respondent. | 8:24CV134<br><br>ORDER |

   This matter comes before the Court on Plaintiff's Request for Appointment of Counsel (Filing No. 8).  Plaintiff seeks appointment of counsel under § 220 of Guide to Judiciary Policy, Vol 7 Defender Services, Part A Guidelines for Administering the CJA and Related Statutes, Chapter 2: Appointment and Payment of Counsel.  However, those provisions deal with CJA appointment of counsel in criminal cases.  This is a civil case, so those CJA policies are inapplicable.

   "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted).  Rather, pursuant to 28 U.S.C. § 1915(e), when an indigent plaintiff has pleaded a nonfrivolous cause of action, a court "may" appoint counsel.  *Id*; s*ee also Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) ("Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.  The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" (cleaned up)).  In determining whether counsel should be appointed, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794.

   At this stage in the proceedings, the court does not deem it necessary to appoint counsel. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. The issues in Plaintiff's complaint are not particularly complex, legally or factually.  The defendant has not yet filed a responsive pleading, and this case has not yet proceeded to discovery. Additionally, Plaintiff has represented herself in several lawsuits in this forum, including the

present action, and thus she is not unfamiliar with this court's procedures.[1] Therefore, having considered the factors above, Plaintiff's request for appointment of counsel will be denied. Accordingly,

**IT IS ORDERED**: Plaintiff's Request for Appointment of Counsel (Filing No. 8) is denied.

Dated this 21st day of May, 2024.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] The Court takes judicial notice of its own records regarding a prior civil proceeding filed by plaintiff. See *Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).