IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SONIA RUSSELL,

              Petitioner,

    v.

HUNG LE,

              Respondent.

**8:24CV134**

**MEMORANDUM
AND ORDER**

On April 8, 2024, *pro se* petitioner Sonia Russell ("Russell") filed a Petition and Affidavit to Obtain Harassment Protection Order against respondent Hung Le ("Le") in the District Court of Douglas County, Nebraska (Filing No. 1-1). *See* Neb. Rev. Stat. § 28-311.09. Russell is an employee of the United States Postal Service ("USPS"). She alleges Le, who is one of her supervisors, harassed and assaulted her at the USPS facility where she works on February 16, 2024, during a dispute about the paperwork for her modified job assignment.

Le timely removed the matter (Filing No. 1) to this Court pursuant to 28 U.S.C. § 1442(a)(1). In pertinent part, that statute authorizes removal of any "civil action or criminal prosecution that is commenced in a State court" against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." *See id.* Russell did not contest Le's removal, and no obvious defects flash red. *See Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007) (stating courts should liberally construe § 1442(a)(1)); *Graves v. 3M Co.*, 17 F.4th 764, 768-69 (8th Cir. 2021) (explicating the statute's requirements).

Now pending before the Court is Le's Motion to Dismiss (Filing No. 10) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. More

precisely, Le contends the broad protection order "Russell seeks is barred by sovereign immunity." *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) ("[T]he Postal Service enjoys federal sovereign immunity absent a waiver."); *Croyle ex rel. Croyle v. United States*, 908 F.3d 377, 381 (8th Cir. 2018) ("Sovereign immunity shields the federal government from suit absent its consent."). As Le sees it, he acts in his official capacity in supervising Russell and "a protection order, enjoining [him] from contacting her clearly would interfere with public administration and would restrain the government from acting, thereby constituting an action against the sovereign." *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (unpublished per curiam) ("A suit against a government officer in her official capacity is really 'a suit against the official's office,' and so officers acting within their authority generally also receive sovereign immunity." (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989))).

Le expressly makes a facial attack on the Court's subject-matter jurisdiction, which limits the Court to the face of the pleadings and affords Russell "the same procedural safeguards as" she would receive defending a Rule 12(b)(6) motion. *Animal Legal Def. Fund v. Reynolds*, 89 F.4th 1071, 1077 (8th Cir. 2024); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Russell opposes (Filing No. 18) Le's motion, maintaining her request for a protection order "is not barred by sovereign immunity." *See Hilger v. United States*, 87 F.4th 897, 899 (8th Cir. 2023) ("The plaintiff bears the burden of establishing subject matter jurisdiction."). She primarily focuses on her employment situation and what she sees as the injustice of Le's underlying actions at the time of the alleged assault.

After careful review of Russell's request for a protection order, the parties' respective submissions, and the balance of the record in this case, the Court finds Le's motion to dismiss should be granted. As Le points out, federal courts routinely dismiss— on sovereign-immunity grounds—cases in which a USPS employee has sought a state-law protection order against another USPS employee in circumstances like these. *See,*

*e.g.*, *Hendy*, 555 F. App'x at 227 (finding no waiver of sovereign immunity and affirming the district court's dismissal for lack of subject-matter jurisdiction); *Parmentier v. Shah*, No. 24-10836, 2024 WL 1976540, at *2-3 (E.D. Mich. May 2, 2024) (listing cases); *Hargrave v. Hollyfield*, No. 3:21-CV-266, 2022 WL 1174988, at *3 (S.D. Ohio Apr. 20, 2022) (dismissing for a lack of subject-matter jurisdiction); *Perkins v. Piggee*, No. 4:20 CV 1109 DDN, 2020 WL 8167492, at *3 (E.D. Mo. Dec. 16, 2020), *report and recommendation adopted*, No. 4:20 CV 1109 CDP, 2021 WL 131146 (E.D. Mo. Jan. 14, 2021) (concluding the USPS did not waive its sovereign immunity and the petitioner failed to exhaust her administrative remedies). The Court sees no compelling reason to chart a new course here.

Based on the foregoing,

IT IS ORDERED:

1.  Respondent Hung Le's Motion to Dismiss (Filing No. 10) pursuant to Federal Rule of Civil Procedure 12(b)(1) is granted.

2.  This case is dismissed without prejudice for lack of subject-matter jurisdiction.

Dated this 12th day of September 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge